UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
ANTOLIN ANDREW MARKS,               )   No. MC08-5045
                                    )
                    Plaintiff,      )
      v.                            )   ORDER
                                    )
JOHN and JANE DOES 1-36, *et al.*,  )
                                    )
                    Defendants.     )
_____ )

This matter comes before the Court *sua sponte*. On March 24, 2008, the Honorable Franklin D. Burgess, United States District Court Judge, entered an order barring plaintiff from litigating in this district unless he provides a "signed affidavit, along with the proposed complaint, verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the [p]laintiff." Plaintiff was also barred from proceeding *in forma pauperis* with a civil rights, <u>Bivens</u>, or Federal Tort Claim Act action unless he shows that he is in imminent danger of serious bodily injury or death. On May 21, 2009, petitioner filed a "Complaint for Injunctions and Damages for Violation of Constitutional Rights" in the United States District Court for the District of California. The action was transferred to this district on June 12, 2009. Dkt. # 33. The proposed petition includes a signed statement, under penalty of perjury, that the claims have never been litigated before and is now before the undersigned for review pursuant to the terms of the bar order.

ORDER

Plaintiff asserts that certain defendants knowingly built the facility in which he is housed on contaminated land and that plaintiff has developed skin cancer and other injuries attributable to his exposure to toxic chemicals. The Court is unaware of a similar claim being litigated by Mr. Marks and finds that the progressive development of skin cancer related to exposure to toxic chemicals constitutes "imminent danger of serious bodily injury or death." This claim may, therefore, proceed.

In addition to his toxic chemical claim, plaintiff raises numerous objections to the conditions of his confinement. For example, plaintiff challenges the limitations on his law library access, the confiscation of a book manuscript, the failure to provide medical care, and the denial of equal protection based on plaintiff's "alternative lifestyle." Many of these issues have been litigated in the past by plaintiff against some of the same defendants (see, e.g., Hopper v. Meyers, C05-5680RBL (medical treatment and law library claims asserted against defendant Wigen)), making his sworn declaration to the contrary worthless. Nor has plaintiff attempted to show that the harms alleged (other than his exposure to toxic chemicals) put him at risk of serious bodily injury or death, apparently under the mistaken theory that if one of his claims survives this preliminary review, the entire complaint will be accepted. That is not the case. The undersigned evaluates each claim asserted by plaintiff separately to ensure that it satisfies the bar order requirements before allowing him to proceed *in forma pauperis*. Because many, if not all, of his objections to the conditions of his confinement have been the subject of earlier litigation and because plaintiff has failed to show imminent danger arising from any of these conditions, he is barred from litigating any claim except the toxic exposure claim.

For all of the foregoing reasons, the new action filed in the District Court for the District of Columbia on May 21, 2009, and transferred to this Court on June 12, 2009, shall be permitted to proceed in part subject to the post-filing requirements imposed in Marks v. United States, C07-5679FDB. The only claim that survives this preliminary review involves the

allegations that certain defendants knowingly built the facility in which plaintiff is housed on contaminated land and that plaintiff has developed skin cancer and other injuries attributable to his exposure to toxic chemicals. All other claims asserted in the complaint are barred. The Clerk of Court shall docket this order in MC08-5045 and open a new cause of action containing all documents related to Dkt. # 33.

Dated this 7th day of August, 2009.

Robert S. Lasnik
Chief Judge, United States District Court