UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

        Plaintiff,

v.

JOHN AND JANE DOES, et al.,

        Defendants.

No. C09-5489 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted for: February 26, 2010**

Presently before the Court is the motion to dismiss of Defendant David W. Jennings, Deputy Field Office Director, Office of Detention and Removal, U.S. Immigration and Customs Enforcement (ICE). Dkt. 16. Defendant Jennings moves to dismiss all claims raised against him in his personal capacity because they are barred by the Court's August 10, 2009 Order. *Id.*[1] Plaintiff Antolin Andrew Marks has failed to file a response to these motions. Under Local Rule 7 (b)(2), Plaintiff's failure to file papers in opposition to a motion may be deemed as an admission that the motion has merit.

---

[1] Defendants' concurrently filed motions to dismiss (Dkts. 14, 15, 17, 18 and 19), are addressed by the court in separate R&R's and Order to Amend.

REPORT AND RECOMMENDATION - 1

Having reviewed Defendant Jennings' motion and balance of the record, the court recommends that the motion to dismiss be granted.

## I. DISCUSSION

By Order dated August 10, 2009, Chief Judge Robert S. Lasnik determined that Plaintiff may proceed in this action only on his claim that certain Defendants knowingly built the facility in which he is housed on contaminated land and that Plaintiff has developed skin cancer and other injuries attributable to his exposure to toxic chemicals. All other claims asserted in the complaint are barred. Dkt. 7.

In his complaint, Mr. Marks alleges that Defendant Jennings violated his rights "by denying [him] the right to present a class action petition to the Court in violation of the First Amendment. The issues of the suit concerned conditions of confinement." Dkt. 9, p. 20.

Judge Lasnik's August 10, 2009 Order specifically found that Plaintiff's objections to the conditions of his confinement have been the subject of earlier litigation, and because Plaintiff has failed to show imminent danger arising from any of these conditions, he is barred from litigating any claim except the toxic exposure claim. Dkt. 7, p. 2. In doing so, Judge Lasnik specifically cited *Hopper v. Meyers*, C05-5680-RBL, a prior case where Plaintiff raised claims regarding the law library and his ability to access the courts. *Id*.

The Court has determined that Mr. Marks may proceed only on his claim that certain Defendants knowingly built the facility in which he is housed on contaminated land and that he has developed skin cancer and other injuries attributable to his exposure to toxic chemicals. All other claims asserted in his complaint are barred. Dkt. 7. Plaintiff's *Bivens* claim against Defendant Jennings is not related to the toxic exposure claim and therefore, the undersigned recommends that it be dismissed.

## II. CONCLUSION

For the reasons stated above, the undersigned recommends that Defendant Jennings motion to dismiss (Dkt. 16) be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 26, 2010,** as noted in the caption.

DATED this  4th  day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3