UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

                    Plaintiff,

v.

JOHN AND JANE DOES, et al.,

                    Defendants.

No. C09-5489 RJB/KLS

**REPORT AND RECOMMENDATION**
Noted for: February 26, 2010

Presently before the Court are the motions to dismiss of Defendants Janet Napolitano, Secretary of the Department of Homeland Security (DHS); Eric Holder, Attorney General of the United States; James T. Hayes, Jr., Director, Office of Detention and Removal, U.S. Immigration and Customs Enforcement ("ICE"); A. Neil Clark, Field Office Director, Office of Detention and Removal, ICE; and, Tom Giles, Assistant Field Office Director/Officer in Charge, Office of Detention and Removal (the "Federal Defendants"). Dkt. 14.[1] Plaintiff Antolin Andrew Marks has failed to file a response to these motions. Under Local Rule 7 (b)(2), Plaintiff's failure to file papers in opposition to a motion may be deemed as an admission that the motion has merit.

---

[1] Defendants' concurrently filed motions to dismiss claims (Dkts. 15, 16, 17, 18 and 19), are addressed by the court in separate R&R's and Order to Amend.

REPORT AND RECOMMENDATION - 1

The Federal Defendants argue that, to the extent Plaintiff seeks to assert a toxic exposure claim under the Federal Tort Claims Act ("FTCA"), the claim must be dismissed because Plaintiff has (1) failed to name the proper party; and (2) failed to exhaust his administrative remedies under the FTCA. Dkt. 14, p. 2. Federal Defendants further argue that Plaintiff's claims for injunctive relief against them must be dismissed because (1) there is no injunctive relief under the FTCA; (2) it is not clear there is injunctive relief under *Bivens* in official capacity claims; and (3) even if injunctive relief were available, Plaintiff's claims are moot because he is no longer subject to the alleged harm. *Id.*

Having reviewed the Federal Defendants' motion and balance of the record, the court recommends that the motion to dismiss be granted as to Defendants Napolitano and Holder because the only relief sought against them is for injunctive relief.

## I. STANDARD OF REVIEW

### A. Motion to Dismiss

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of matters of public record. (See, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986)), without converting a motion to dismiss into a motion for summary judgment.

All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be

REPORT AND RECOMMENDATION - 2

dismissed under Fed. R. Civ. P. 12(b)(6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *Iqbal* held that the plausibility standard announced in *Twombly* means that Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[N]aked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Id.*, quoting *Twombly*, 550 U.S. at 557. Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

Before the court may dismiss a pro se complaint for failure to state a claim, it must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal. *McGuckin v. Smith*, 974 F.2d 1050, 1055

REPORT AND RECOMMENDATION - 3

(9th Cir. 1992); see also *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**B.      Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or Congress, must be neither disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Once a defendant challenges the facts underlying the jurisdictional allegations in a complaint based on evidence outside the pleadings, the plaintiff bears the burden of establishing, by affidavits or other evidence, that subject matter jurisdiction does in fact exist. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

## II.   BACKGROUND AND PLAINTIFF'S ALLEGATIONS

**A.      Prefiling Order**

By Order dated August 10, 2009, Chief Judge Robert S. Lasnik determined that Plaintiff may proceed in this action only on his claim that certain Defendants knowingly built the facility in which he is housed on contaminated land and that Plaintiff has developed skin cancer and other injuries attributable to his exposure to toxic chemicals. All other claims asserted in the complaint are barred. Dkt. 7.

**B.     Plaintiff's Allegations Related to the Federal Defendants**

In his complaint, Mr. Marks states that he is currently housed at the Northwest Detention Center (NWDC). Dkt. 9, p. 2.[2] Mr. Marks alleges that the NWDC is a superfund clean-up site where the Environmental Protection Agency (EPA) has not conducted any follow-up testing. *Id.* He alleges that during the past three years and seven months that he has been housed at the NWDC, toxic materials under the building have been seeping into the facility through oxidation and evaporation. *Id.*, p. 3. Plaintiff claims that due to these toxins, he is now suffering from the beginnings of skin cancer that cannot be treated at the NWDC and that a pre-existing brain injury has increased since his arrival at the NWDC. *Id.* He further alleges that exposure to the toxic chemicals have caused him to "be susceptible to the cancerous growth of lesions, raised skin, and unidentified things." *Id.*, p. 6.

Mr. Marks has sued the Federal Defendants as follows:

a)      Janet Napolitano, Secretary of DHS, "in her professional capacity for an injunction," to allow the EPA to conduct testing at the NWDC to determine which cancerous substances are present in the structure and environment of the NWDC, and that the DHS should take immediate steps to provide medical care to Plaintiff "for any … ailments which could be laid at the feet of the contaminants." *Id.*, p. 5.

b)      James Hayes, Director of ICE in his personal and professional capacities. He sues Mr. Hayes in his personal capacity because Mr. Hayes "was an intrinsic part of the mechanism that sought and gained the contract with Geo Group Inc. for the erection of the NWDC. *Id.*, p. 6. Plaintiff seeks $3,000,000.00 in damages from Mr. Hayes. *Id.*, p. 20.

---

[2] According to Defendants, Mr. Marks was released from immigration custody on May 8, 2009. Dkt. 14, p. 4-5.

REPORT AND RECOMMENDATION - 5

    c)      Eric Holder, Attorney General of the United States, "in his professional capacity for an injunction" ordering him to "comply with the necessary actions of the EPA in this case." *Id.*

    d)      Neil Clark, Field Office Director of ICE, in his personal and professional capacity. *Id.* Plaintiff claims that Mr. Clark has deliberately held the Plaintiff in a facility where Mr. Clark knew there was exposure to toxic chemicals which cause cancers and that he did so with the specific intent to injure the Plaintiff. *Id.*, p. 7.

    e)      Tom Giles, Acting Assistant Field Officer of ICE, in his personal and professional capacity. *Id.*, p. 8. Plaintiff claims that Mr. Giles has deliberately held the Plaintiff in a facility where Mr. Giles knew there was exposure to toxic chemicals which cause cancer and that he did so with the specific intent to injury the Plaintiff. *Id.* Plaintiff seeks $15,000,000.00 in damages from Mr. Giles. *Id.*, p. 20.

## III. DISCUSSION

### A.     Federal Tort Claims Act (FTCA)

Defendants seek dismissal of any and all of Mr. Marks' claims to the extent that he is seeking recovery under the FTCA for injuries related to his toxic exposure claim. They assert that under the FTCA, the United States is the only proper defendant but then also allege that it would be inappropriate to substitute the United States as the defendant as the Plaintiff has failed to exhaust his administrative remedies as required by 28 U.S.C. 2675(a).

However, 28 U.S.C. 2679(d)(1) requires substitution of the United States as the party defendant only after the attorney general certifies that the defendant employees were acting within the scope of their office or employment. While it appears from the language of the complaint that the individually named defendants were acting within the scope of their office or

REPORT AND RECOMMENDATION - 6

employment, the trigger is the certification from the Attorney General – which is lacking in this case. Without the certification, the exhaustion of remedies argument is not applicable.

Therefore, the Federal Defendants' motion to dismiss based on failure to comply with the FTCA should be denied.

**B.     Claims for Injunctive Relief**

In his complaint, Mr. Marks names Defendants Napolitano and Holder in their official capacities only and seeks injunctive relief requiring Napolitano and Holder to cooperate with the EPA. Dkt. 9. Plaintiff also seeks an order requiring Defendant Napolitano, Secretary of DHS, to provide medical care to Plaintiff, including "specialists dealing with cancer of the skin, cancer of the brain, and thyroid problems and any other ailments which could be laid at the feet of the contaminants." *Id.*, p. 6.

Defendants argue that Plaintiff's claims for injunctive relief must be dismissed because (1) if the claims are brought under the FTCA, only money damages are available and as noted above, Plaintiff has failed to name the proper party and exhaust his administrative remedies under the FTCA; (2) it is unclear that injunctive relief is available in a *Bivens* claim and (3) the claims are moot because Mr. Marks has been released from immigration custody and is no longer subject to the alleged harm. Dkt. 14, p. 4.

   **1.   Injunctive Relief Under the FTCA**

Injunctive relief is not available under the FTCA. The only relief provided for in the FTCA is money damages. See *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992). However, based on the discussion above, it does not appear that the FTCA applies.

   **2.   *Bivens* and Mootness**

To the extent Mr. Marks seeks to bring a *Bivens* claim for injunctive relief against these

REPORT AND RECOMMENDATION - 7

federal Defendants in their official capacities, it is not clear that he can seek injunctive relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants argue that even if such injunctive relief were available to the Plaintiff in a *Bivens* action, his claims are moot because he is no longer subject to the alleged harm. According to Defendants, Mr. Marks was released from immigration custody on May 8, 2009, and is no longer subject to the alleged toxic chemicals at the Northwest Detention Center (NWDC). Dkt. 14, pp. 4-5.

It is well settled that "the equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Here, Mr. Marks seeks an injunction requiring Janet Napolitano, Secretary of DHS, and Eric Holder, Attorney General, to allow the EPA access to the NWDC to run tests to determine whether there are any "cancerous substances" present and to require DHS to provide him with medical care. Dkt. 9, pp. 5-6. Mr. Marks is no longer in the custody of DHS and/or ICE and because he has been released from custody, is no longer subject to the alleged exposure of toxic chemicals at the NWDC. He, therefore, is unable to show entitlement to an equitable remedy and these two defendants' motion to dismiss should be granted.

## IV.  CONCLUSION

For the reasons stated above, the undersigned recommends that the motion to dismiss (Dkt. 14) **GRANTED in part** as to Defendants Napolitano and Holder as the only relief sought against them is for injunctive relief and they, therefore, should be dismissed from this lawsuit.

REPORT AND RECOMMENDATION - 8

The remaining Federal Defendants' motion to dismiss based on failure to comply with all requirements of the FTCA should, at this time, be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 26, 2010,** as noted in the caption.

DATED this  3rd  day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9