UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

                  Plaintiff,

v.

JOHN AND JANE DOES, et al.,

                  Defendants.

No. C09-5489 RJB/KLS

**ORDER TO AMEND**

Presently before the Court are the motions to dismiss the Plaintiff's personal capacity claims against Defendants A. Neil Clark, Deanna Gephard, James T. Hayes and Thomas P. Giles. Dkts. 15, 17, 18 and 19.[1] Plaintiff Antolin Andrew Marks has failed to file a response to these motions. Under Local Rule 7 (b)(2), Plaintiff's failure to file papers in opposition to a motion may be deemed as an admission that the motion has merit.

Having carefully reviewed the motions and balance of the record, the Court is inclined to recommend that the motions be granted. Before doing so, however, Plaintiff shall be given an opportunity to file an amended complaint to cure the deficiencies noted herein.

---

[1] Defendants' concurrently filed motions to dismiss the professional capacity claims (Dkts. 14 and 16), are addressed by the court in separate R&R's.

ORDER TO AMEND - 1

# I. BACKGROUND AND PLAINTIFF'S ALLEGATIONS

## A. Prefiling Order

By Order dated August 10, 2009, Chief Judge Robert S. Lasnik determined that Plaintiff may proceed in this action only on his claim that certain Defendants knowingly built the facility in which he is housed on contaminated land and that Plaintiff has developed skin cancer and other injuries attributable to his exposure to toxic chemicals. All other claims asserted in the complaint are barred. Dkt. 7.

## B. Plaintiff's Allegations

Mr. Marks states that he is currently housed at the Northwest Detention Center (NWDC). Dkt. 9, p. 2.[2] He alleges that the NWDC was constructed on a superfund clean-up site where the Environmental Protection Agency (EPA) has not conducted any follow-up testing. *Id.* During the past three years and seven months that he has been housed at the NWDC, toxic materials under the building have been seeping into the facility through oxidation and evaporation. *Id.*, p. 3. Plaintiff claims that due to these toxins, he is now suffering from the beginnings of skin cancer that cannot be treated at the NWDC and that a pre-existing brain injury has increased since his arrival at the NWDC. *Id.* He further alleges that exposure to the toxic chemicals have caused him to "be susceptible to the cancerous growth of lesions, raised skin, and unidentified things." *Id.*, p. 6.

## C. Plaintiff's Allegations as to Defendants Clark, Gephardt, Hayes and Giles

**1. Defendant Clark**. Mr. Marks alleges that Defendant A. Neil Clark, Field Office Director, Office of Detention and Removal, U.S. Immigration and Customs Enforcement (ICE), violated his Eighth Amendment rights by deliberately holding Mr. Marks in a facility where Mr.

---

[2] According to Defendants, Mr. Marks was released from immigration custody on May 8, 2009. Dkt. 14, p. 4-5.

ORDER TO AMEND - 2

Clark knew there is exposure to toxic chemicals which cause cancers. Dkt. 9, p. 7. Mr. Marks alleges that Defendant Clark knew that the site of the NWDC was a superfund cleanup site, that Geo Group dug into the ground lower than the maximum twenty feet, that this digging would cause exposure to toxic chemicals and that the exposure would cause cancer in humans. *Id.* Mr. Marks alleges that he was exposed to cancer causing chemicals in the walls and air of the facility and that he has contracted cancer. *Id.* In his request for relief, the Plaintiff specifically requested "damages in the amount of $65,000,000 from all parties," but then went on to specify certain amounts from various defendants. A defined amount for damages was not alleged against Defendant Clark. Dkt. 9, p. 20. There is no request for injunctive relief as to Defendant Clark.

**2. Defendant Gephardt.** Mr. Marks alleges that Defendant Deanna Gephardt, Health Services Administrator, Division of Immigration Health Services, U.S. Public Health Services, denied him his due process rights under the Fifth Amendment by failing to provide him with medical care and being deliberately indifferent to his injury. Dkt. 9, p. 26. He claims that Defendant Gephardt has interfered with the medical orders issued by a licensed doctor, that she has discontinued orders made by a licensed doctor, that she knew Mr. Marks was being injured by toxic chemicals, but denied him access to medical assistance from a dermatologist or oncology specialist by vetoing medical orders issued by a doctor, and that she interfered with Dr. Rice's psychiatric evaluation of Mr. Marks. *Id.*, pp. 18-19.

**3. Defendant Hayes.** Mr. Marks alleges that Defendant James T. Hayes, Director, Office of Detention and Removal, Immigration and Customs Enforcement (ICE), "was an intrinsic part of the mechanism that sought and gained the contract with Geo Group, Inc. for the erection of the NWDC"; that he contracted with the Geo Group, Inc. when he knew or should

ORDER TO AMEND - 3

have known that the soil beneath the structure contained lethal toxic chemicals; that despite this knowledge, he allowed Plaintiff to be housed at the NWDC when he knew or should have known that Plaintiff would be injured and that Plaintiff has been injured. Dkt. 9, p. 6. Mr. Marks also alleges that he has been unable to gain the proper treatment for his injuries, such as melanoma and squamous cell carcinoma because Defendant Hayes has failed to provide a doctor at the NWDC. *Id.*

**4. Defendant Giles.** Mr. Marks alleges that Defendant Thomas P. Giles, Assistant Field Director/Officer in Charge, Office of Detention and Removal, U.S. Immigration and Customs Enforcement (ICE), entered into a contract with the Geo Group, Inc. knowing that the Geo Group was going to erect the NWDC on ground that is contaminated by toxic chemicals that cause cancer. Dkt. 9, p. 8. Mr. Marks claims that Defendant Giles violated his Eighth Amendment rights by deliberately holding Mr. Marks in a facility where Mr. Giles knew there is exposure to toxic chemicals which cause cancers. *Id.* Mr. Marks alleges that Defendant Giles knew that the site of the NWDC was a superfund cleanup site, that Geo Group dug into the ground lower than the maximum twenty feet, that this digging would cause exposure to toxic chemicals and that over time, the exposure would cause cancer in humans. *Id.* Mr. Marks alleges that he was exposed to cancer causing chemicals in the walls and air of the facility and that he has contracted cancer. *Id.*

The remainder of Mr. Marks' allegations against Defendant Giles are barred by Judge Lasnik's August 10, 2009 Order. Dkt. 7.

## II. STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).

ORDER TO AMEND - 4

However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of public records. (See, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986)), without converting a motion to dismiss into a motion for summary judgment.

All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *Iqbal* held that the plausibility standard announced in *Twombly* means that Fed. R. Civ. P. 8(a)(2) "demands more than an

ORDER TO AMEND - 5

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[N]aked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Id.*, quoting *Twombly*, 550 U.S. at 557. Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

Before the court may dismiss a pro se complaint for failure to state a claim, it must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); see also *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### III. DISCUSSION

**A.     Personal Capacity Claim – Eighth Amendment – Defendant Clark**

Defendant Clark seeks dismissal of the claims against him because Mr. Marks alleges no damages against Defendant Clark. However, a broad reading of the request for relief does not support this contention.

Defendant Clark also asserts that Mr. Marks is seeking injunctive relief from him. As noted above, there is no such specific request contained in the Complaint. As discussed below, however, Mr. Marks shall be granted leave to amend his Eighth Amendment claim against Defendant Clark as he has failed to allege facts specific to Defendant Clark of an Eighth Amendment violation.

**B. Eighth Amendment Violations -- Defendants Hayes and Giles (Motions to Dismiss -- Dkts. 18 and 29) and Defendant Clark**

Mr. Marks' Eighth Amendment claims include a conditions of confinement claim (building the NWDC on a Superfund site) and a failure to provide medical care claim (from injuries allegedly stemming from his exposure to toxic materials at the NWDC).

The Eighth Amendment addresses punishment of persons imprisoned for a crime. *Estelle v. Gamble*, 429 U.S. 97, 102-103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). The rights of one who is civilly committed are analyzed using the same standards that apply to pretrial detainees. *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). While courts borrow Eighth Amendment jurisprudence in giving shape to pretrial detainees' substantive due process rights, that amendment establishes only a minimum standard of care. *Conn v. City of Reno*, 572 F.3d 1047, 1054 (9th Cir. 2009) citing *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally adequate medical and mental health care. *Conn*, 572 F.3d at 1054. An official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment, and *a fortiori*, the Fourteenth. *Conn*, 572 F.3d at 1054-55.

**1. Conditions of Confinement – Begin Housed in a Building on Superfund Site**

Where the conditions of confinement are challenged, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, the plaintiff must make a "subjective" showing that the government official acted "with a sufficiently culpable state of mind." *Id*. As to the first prong, those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

ORDER TO AMEND - 7

violation. *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  See *Farmer*, 511 U.S. 825

Mr. Marks alleges that Defendant Hayes sought and gained the contract for the construction of the NWDC on a site he knew contained lethal toxic chemicals and that despite this knowledge, he allowed Plaintiff to be housed at the NWDC where Plaintiff has been injured by exposure to the toxic chemicals.  Dkt. 9, p. 6.

Mr. Marks's allegations against Defendants Giles and Clark are similar, in that he claims that these defendants entered into the contract for the construction of the NWDC knowing that the site was contaminated by cancer causing chemicals and that they intentionally held Mr. Marks at the NWDC despite this knowledge.  Dkt. 9, pp. 6-7.  Mr. Marks alleges that Defendants Giles and Marks were aware that the Geo Group dug into the ground lower than the maximum twenty feet, that this digging would cause exposure to toxic chemicals, and that Mr. Marks contracted cancer after being exposed to cancer causing chemicals.  *Id.*

### a) Sufficiently Serious Deprivation

Mr. Marks alleges that he was intentionally housed at a site contaminated by cancer causing chemicals and that as a result of his exposure to these chemicals, he suffers from the beginnings of skin cancer and has "symptoms of the fact that his brain injury has increased since his arrival."  Dkt. 9, p. 3.  Assuming these allegations to be true, his complaint appears to establish the existence of a sufficiently serious deprivation.

### b) Sufficiently Culpable State of Mind

Plaintiff alleges that Defendants Hayes, Giles and Clark participated in the contract for the building of the NWDC, knew of the dangers inherent in the site of the NWDC,

ORDER TO AMEND - 8

and that despite this knowledge, intentionally held Mr. Marks at the NWDC. These allegations are conclusory and it is impossible to determine from them the extent of these defendants' knowledge, participation or subjective intent. Mr. Marks has failed to assert specific facts as to the individual participation of each of these defendants in the building of the NWDC and their deliberate indifference to the danger such building allegedly caused. Mr. Marks shall be given an opportunity to replead and allege facts specific to each defendant.

### 2. Denial of Medical Care

The Due Process clause affords pretrial detainees at least the same level of medical care as that required by the Eighth Amendment. *Gibson v. County of Washoe Nevada*, 290 F.3d 1175, 1187 (9th Cir.2002). Thus, a detainee claiming an Eighth Amendment violation relating to health care must show that officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must prove both an objective and a subjective component. *Hudson v. McMillan*, 503 U.S. 1 (1992); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner's medical treatment. *Id*. at 104-5; see also *Broughton v. Cutter Labs*., 622 F.2d 458, 459-60 (9th Cir. 1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). First, the

ORDER TO AMEND - 9

alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834.

An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id*. at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. See *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). In other words an official must (1) be actually aware of facts from which an inference could be drawn that a substantial risk of harm exists, (2) actually draw the inference, but (3) nevertheless disregard the risk to the inmate's health. *Farmer*, 511 U.S. at 837-8.

Mr. Marks alleges that he has been unable to gain the proper treatment for his injuries such as melanoma and squamous cell carcinoma because Defendant Hayes has failed to provide a doctor at the NWDC. Dkt. 9, p. 6. He alleges that Defendant Gephardt failed to provide him with medical care, was deliberately indifferent to his injury, interfered with medical orders issued by a licensed doctor, discontinued orders made by a licensed doctor, and denied him access to medical assistance from a dermatologist or oncology specialist by vetoing medical orders issued by a doctor, and interfered with Dr. Rice's psychiatric evaluation of Mr. Marks. Dkt. 9, p. 26; pp. 18-19.

ORDER TO AMEND - 10

As noted above, Mr. Marks has alleged the existence of a serious medical need by alleging that he has the beginnings of skin cancer and has "symptoms of the fact that his brain injury has increased since his arrival." Dkt. 9, p. 3. Mr. Marks fails, however, to allege facts specific to each defendant and how they knew of and disregarded the risk to his health and safety. In assessing whether an official acted with deliberate indifference, the court focuses on what the official actually perceived, not what he should have known. See *Wallis*, 70 F.3d at 1077. Mr. Marks shall be granted leave to amend to assert specific facts as to each defendant on his claim that they failed to provide him with needed medical care.

**C.     Fifth Amendment Due Process Claim – Defendant Gephardt (Motion to Dismiss Dkt. 17)**

Plaintiff's claims against Defendant Gephardt are not related to the limited claim regarding toxic exposure, with the exception of one allegation in his complaint. In his complaint, Mr. Marks alleges that Defendant Gephardt denied him his due process rights under the Fifth Amendment by failing to provide him with medical care and being deliberately indifferent to his injury. Dkt. 9, p. 26. He claims that Defendant Gephardt has interfered with the medical orders issued by a licensed doctor, that she has discontinued orders made by a licensed doctor, that she knew Mr. Marks was being injured by toxic chemicals, but denied him access to medical assistance from a dermatologist or oncology specialist by vetoing medical orders issued by a doctor, and that she interfered with Dr. Rice's psychiatric evaluation of Mr. Marks. *Id*., pp. 18-19.

ORDER TO AMEND - 11

Mr. Marks has framed his allegations against Defendant Gephardt as violations of his due process rights under the Fifth Amendment.[3] To the extent that Mr. Marks is suing Defendant Gephardt for conduct stemming solely from events concerning his medical care, those claims should proceed for violation of the Eighth Amendment (as discussed above). See, e.g., *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir.1996) ("Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.") (citations, internal quotations, and brackets omitted), cert. denied, 520 U.S. 1240, 117 S.Ct. 1845, 137 L.Ed.2d 1048 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

Further, and to the extent Mr. Marks is claiming that Defendant Gephardt acted with deliberate indifference to his serious medical needs, it is unclear whether all of the alleged actions by Defendant Gephardt are related to Mr. Marks' claim that he was exposed to toxic chemicals. For example, Mr. Marks' claim that Defendant Gephardt "interfered" with a psychiatric evaluation does not allow the court to draw the reasonable inference that Defendant Gephardt's interference amounted to deliberate indifference, that the evaluation was related to Mr. Marks' alleged toxic exposure, or that Mr. Marks suffered harm as a result.

---

[3] The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." The Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws. E. g., *Hampton v. Mow Sun Wong*, 426 U.S. 88, 100, 96 S.Ct. 1895, 1903, 48 L.Ed.2d 495 (1976); *Buckley v. Valeo*, 424 U.S. 1, 93, 96 S.Ct. 612, 670, 46 L.Ed.2d 659 (1976); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 1228, 43 L.Ed.2d 514 (1975); *Bolling v. Sharpe*, 347 U.S. 497, 500, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954)." *Vance v. Bradley*, 440 U.S. 93, 95 n. 1, 99 S.Ct. 939, 942, 59 L.Ed.2d 171 (1979).

Thus, Mr. Marks shall be given an opportunity to amend his complaint to clarify the constitutional provision at issue and to set forth the nature of his claims against Defendant Gephardt only insofar as they relate to his claim of toxic exposure.

Mr. Marks is advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference. The amended complaint must contain all claims against all parties initially named (insofar as the claims are related to Mr. Marks' claim of toxic exposure) or those parties will no longer be part of this action. The amended complaint shall be clearly labeled the "First Amended Complaint," the case number C09-5489 RJB/KLS must be written in the caption, and it must comply with this Order and also Judge Lasnik's Order. Dkt. 7.

It is, therefore, **ORDERED**:

(1) That Plaintiff is granted leave to file an amended Complaint entitled "Amended Complaint" **on or before March 19, 2010,** to include a clear statement of the amount of damages sought by Plaintiff against each individual defendant (Gephardt, Hayes, Giles and Clark), to clarify the constitutional provision or provisions at issue, and to allege facts specific to each defendant insofar as they relate to his claim of toxic exposure.

(2) Plaintiff is advised that if he fails to file his amended complaint **on or before March 19, 2010,** the court will recommend dismissal of this action against Defendants Clark and Gephardt for failure to prosecute.

ORDER TO AMEND - 13

(3) The motions of Defendants (Dkts. 15, 17, 18 and 19) shall be stricken from the Court's docket. Defendants may re-note or resubmit their motions once an amended complaint has been filed by Plaintiff.

(4) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  23rd  day of February, 2010.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND - 14