UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOLIN ANDREW MARKS,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN AND JANE DOES (1-36), BOARD OF DIRECTORS OF GEO GROUP, GEO GROUP, INC., JANET NAPOLITANO, JAMES HAYES, DAVE JENNINGS, ERIC HOLDER, NEIL CLARK, TOM GILES, GEORGE WIGEN, and DEANNA GEPHARDT,<br><br>                Defendants. | No. C09-5489 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for:  April 8, 2011 |

Presently before the Court is the motion to dismiss of Defendants James T. Hayes, Jr., Director, Office of Detention and Removal, U.S. Immigration and Customs Enforcement ("ICE"); A. Neil Clark, Field Office Director, Office of Detention and Removal, ICE; and, Tom Giles, Assistance Field Office Director/Officer in Charge, Office of Detention and Removal, ICE.  ECF No. 39.  Defendants Hayes, Clark, and Giles move to dismiss all official capacity claims against them.  Plaintiff Antolin Andrew Marks has failed to file a response to this motion.  Under Local Rule 7 (b)(2), Plaintiff's failure to file papers in opposition to a motion may be deemed as an admission that the motion has merit.

REPORT AND RECOMMENDATION - 1

Having reviewed the motion and balance of the record, the undersigned recommends that the motion to dismiss be granted.

**BACKGROUND**

By Order dated August 10, 2009, Chief Judge Robert S. Lasnik determined that Plaintiff may proceed in this action only on his claim that certain Defendants knowingly built the facility in which he is housed on contaminated land and that Plaintiff has developed skin cancer and other injuries attributable to his exposure to toxic chemicals. All other claims asserted in the complaint are barred. ECF No. 7.

In addition to Defendants Hayes, Clark and Giles, Plaintiff named several other federal employees as Defendants: Janet Napolitano, Secretary of the United States Department of Homeland Security; David W. Jennings, Deputy Field Office Director, Office of Detention and Removal, ICE; Eric Holder, Attorney General of the United States of America, and Deanna Gephardt, Health Services Administrator, Division of Immigration Health Services, U.S. Public Health Services (collectively referred to as the "Federal Defendants"). On March 2, 2010, all of Plaintiff's claims against Defendants Jennings, Napolitano and Holder were dismissed with prejudice. ECF Nos. 23 and 24. Plaintiff was given an opportunity to file an amended complaint as to his claims against Defendants Hayes, Giles, Clark and Gephardt. ECF No. 22. He failed to do so and on April 30, 2010, the court dismissed Plaintiff's personal capacity claims against Defendants Hayes, Giles, Clark and Gephardt with prejudice. ECF No. 26.

With regard to Plaintiff's claims against Defendants Hayes, Clark and Giles in their official capacities,[1] the government had moved to dismiss these claims because: (1) they can only be brought under the Federal Tort Claims Act ("FTCA"), (2) under the FTCA, the United

---

[1] Deana Gephardt was sued only in her personal capacity.

REPORT AND RECOMMENDATION - 2

States is the only proper defendant, and (3) Plaintiff failed to exhaust his administrative remedies under the FTCA.  *See* ECF No. 14.  However, this court found that 28 U.S.C. § 2679(d)(1) requires substitution of the United States as the party defendant only after the attorney general certifies that the defendant employees were acting within the scope of their office or employment.  Without the certification, the exhaustion of remedies argument is not applicable.  ECF No. 21.  That recommendation was adopted by the Court and the case was re-referred to the undersigned for resolution of the remaining claims.  ECF Nos. 24, 26.

On January 10, 2011, the government filed the Notice of Certification of Jenny A. Durkan Re: Scope of Employment Pursuant to 28 U.S.C. § 2679(d)(1).  ECF No. 38.  The government now files this renewed motion to dismiss the claims brought against Federal Defendants Hayes, Clark, Giles in their official capacities for the same reasons articulated in their previous motion to dismiss.

### STANDARDS OF REVIEW

**A.**     **Motion to Dismiss**

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).  However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of public records.  (See, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986)), without converting a motion to dismiss into a motion for summary judgment.

All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff.  *Jenkins v.*

REPORT AND RECOMMENDATION - 3

*McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).   Dismissal under Fed. R. Civ. P. 12(b) (6) may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.     Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction.  The limits upon federal jurisdiction, whether imposed by the Constitution or Congress, must be neither disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.  *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).  The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.  *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936).  Once a defendant challenges the facts underlying the jurisdictional allegations in a complaint based on evidence outside the pleadings, the plaintiff bears the burden of establishing, by affidavits or other evidence, that subject matter jurisdiction does in fact exist.  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**DISCUSSION**

Pursuant to Judge Lasnik's Order, the only claim that Plaintiff may proceed on in this lawsuit is that Defendants knowingly built the facility in which he is housed on contaminated land, and that Plaintiff has developed skin cancer and other injuries attributable to his exposure to toxic chemicals.  ECF No. 7.

REPORT AND RECOMMENDATION - 4

Where sovereign immunity has been waived, the FTCA allows actions for damages against the United States for injuries caused by tortious conduct of United States agents or employees acting within the scope of their employment. 28 U.S.C. § 1346(b). The United States Attorney for the Western District of Washington, Jenny A. Durkan, has certified that Defendants Hayes, Clark, and Giles were acting within the scope of their employment in all respects relevant to the allegations in Plaintiff's Complaint. ECF No. 38. The complaint reflects, however, that Plaintiff has failed to meet the requirements of the FTCA.

First, the only proper defendant in a case under the FTCA is the United States of America. 28 U.S.C. § 2679(b)(1). Government employees are absolutely immune from FTCA claims. *Id.* Instead, actions brought against federal employees acting within the scope of their employment "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1)(2). Thus, any FTCA claims against Defendants Hayes, Clark, and Giles in their official capacities should be dismissed.

Second, even though the FTCA allows for the United States to be substituted as the proper party, the United States should not be substituted in this case because Plaintiff failed to exhaust his administrative remedies. The FTCA specifically provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant first exhausts his administrative remedies. See 28 U.S.C. § 2875(a); *see also Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). The administrative claim requirement mandates that a plaintiff present a claim to the appropriate federal agency within two years of the date it accrues. *Staple v. United States*, 740 F.2d 766, 768 (9th Cir. 1984); *see also Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). The administrative claim requirement is jurisdictional and must be strictly adhered to because the FTCA waives sovereign immunity and any such waiver

REPORT AND RECOMMENDATION - 5

must be strictly construed in favor of the United States. *See Brady*, 211 F.3d at 501 (*citing Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992)).  When no administrative claim has been filed with the appropriate administrative agency, a district court is without jurisdiction to hear the case, and dismissal for lack of subject matter jurisdiction is mandated.  *Suarez*, 22 F.3d at 1065.

Plaintiff does not allege in his complaint that he exhausted his administrative remedies pursuant to the FTCA by submitting an administrative claim.  ECF No. 9.  In addition, he has filed no response to the motion to dismiss of Defendants Hayes, Clark, and Giles.  There is simply no evidence showing that a timely claim was filed, the contents of the claim, or that it was properly submitted to the agency pursuant to 28 U.S.C. § 2875(a).  Moreover, Plaintiff has recently filed a pleading stating that he has determined that the claims against the Federal Defendants should be dismissed.  *See* ECF. No. 37. ("Also, it is the determination of the Plaintiff that the federal defendants be dismissed from the action.").   Thus, leave to amend would be futile and all tort claims against the United States and its agencies and employees should be dismissed with prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the undersigned recommends that the motion to dismiss all official capacity claims of Defendants Hayes, Clark, and Giles (ECF No. 39) be **GRANTED** and that those claims be dismissed with prejudice**.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn,* 474 U.S. 140

REPORT AND RECOMMENDATION - 6

1  (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2  matter for consideration on **April 8, 2011,** as noted in the caption.

      **DATED** this <u>16th</u>  day of March, 2011.

                                             Karen L. Strombom
                                             United States Magistrate Judge

REPORT AND RECOMMENDATION - 7