1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

ANTOLIN ANDREW MARKS,

8
                                        Plaintiff,

        v.                                              No. C09-5489 RJB/KLS

9

10
JOHN AND JANE DOES (1-36), BOARD          **REPORT AND RECOMMENDATION**
OF DIRECTORS OF GEO GROUP, GEO            **Noted For:  April 22, 2011**

11
GROUP, INC., JANET NAPOLITANO,
JAMES HAYES, DAVE JENNINGS, ERIC

12
HOLDER, NEIL CLARK, TOM GILES,
GEORGE WIGEN, and DEANNA

13
GEPHARDT,

14
                                        Defendants.

15

16          Before the court is Plaintiff's motion for voluntary dismissal.  ECF No. 43.  Plaintiff

17   informs the Court that "the issues within the complaint have been resolved and the action is

18   hereby dismissed, with prejudice, as to these claims, as to all defendants."  The undersigned

19   recommends that this action be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil

20   Procedure.

21                                    **BACKGROUND**

22          By Order dated August 10, 2009, Chief Judge Robert S. Lasnik determined that Plaintiff

23   may proceed in this action only on his claim that certain Defendants knowingly built the facility

24   in which he is housed on contaminated land and that Plaintiff has developed skin cancer and

25   other injuries attributable to his exposure to toxic chemicals. All other claims asserted in the

26   complaint are barred.  ECF No. 7.

ORDER - 1

1    Plaintiff named several federal employees as defendants:  James T. Hayes, Jr.,

2    Director, Office of Detention and Removal, U.S. Immigration and Customs Enforcement

3    ("ICE"); A. Neil Clark, Field Office Director, Office of Detention and Removal, ICE; Tom

4    Giles, Assistance Field Office Director/Officer in Charge, Office of Detention and Removal,

5    ICE; Janet Napolitano, Secretary of the United States Department of Homeland Security; David

6    W. Jennings, Deputy Field Office Director, Office of Detention and Removal, ICE; Eric Holder,

7    Attorney General of the United States of America, and Deanna Gephardt, Health Services

8    Administrator, Division of Immigration Health Services, U.S. Public Health Services

9    (collectively the "Federal Defendants").  On March 2, 2010, all of Plaintiff's claims against

10   Defendants Jennings, Napolitano and Holder were dismissed with prejudice.  ECF Nos. 23 and

11   24.  Plaintiff was given an opportunity to file an amended complaint as to his claims against

12   Defendants Hayes, Giles, Clark and Gephardt.  ECF No. 22.  He failed to do so and on April 30,

13   2010, the court dismissed Plaintiff's personal capacity claims against Defendants Hayes, Giles,

14   Clark and Gephardt with prejudice.  ECF No. 26.

15        With regard to Plaintiff's claims against Defendants Hayes, Clark and Giles in their

16   official capacities, the government moved to dismiss these claims because: (1) they can

17   only be brought under the Federal Tort Claims Act ("FTCA"), (2) under the FTCA, the United

18   States is the only proper defendant, and (3) Plaintiff failed to exhaust his administrative remedies

19   under the FTCA.  *See* ECF No. 14.  However, this court found that 28 U.S.C. § 2679(d)(1)

20   requires substitution of the United States as the party defendant only after the attorney general

21   certifies that the defendant employees were acting within the scope of their office or

22   employment.  Without the certification, the exhaustion of remedies argument is not applicable.

23   ECF No. 21.  That recommendation was adopted by the Court and the case was re-referred to the

ORDER - 2

1    undersigned for resolution of the remaining claims.  ECF Nos. 24, 26.

2         On January 10, 2011, the government filed the Notice of Certification of Jenny A.

3    Durkan Re: Scope of Employment Pursuant to 28 U.S.C. § 2679(d)(1). ECF No. 38. The

4    government re-filed their motion to dismiss and the undersigned has recommended that the

5    motion be granted and that the remaining claims against the Federal Defendants be dismissed

6    with prejudice.  ECF No. 42.  The report and recommendation is presently noted for April 8,

7    2011.  *Id.*

8

9         As to the remaining Defendants, Geo Group, Inc., Board of Directors of Geo Group, and

10   George Wigen (collectively "the GEO Defendants"), Plaintiff was granted leave to provide

11   alternative service addresses and the clerk sent service of process to the Board of Directors of

12   GEO Group, Inc. on January 25, 2011.  To date, no returns of service have been received.

13        Under Rule 41(a)(1), a plaintiff may dismiss an action without court order either by filing

14   a notice of dismissal before the opposing party serves either an answer or a motion for summary

15   judgment; or a stipulation of dismissal is signed by all parties who have appeared.  Fed. R. Civ.

16   P. 41(a)(1).  Rule 41(a)(2) provides, in pertinent part:

17

18        Except as provided in Rule 41(a)(1), an action may be dismissed at the
19        plaintiff's request only by court order, on terms that the court considers proper.  If
         a defendant has pleaded a counterclaim before being served with the plaintiff's
20        motion to dismiss, the action may be dismissed over the defendant's objection
         only if the counterclaim can remain pending for independent adjudication.  Unless
21        the order states otherwise, a dismissal under this paragraph (2) is without
         prejudice.
22

23   Fed.R.Civ. P. 41(a)(2).

24        The GEO Group Defendants have not yet entered their appearance or answer in this

25   mater.  Plaintiff seeks a dismissal with prejudice as to all claims and as to all defendants.   As

26   noted above, his claims against the Federal Defendants have either already been dismissed with

ORDER - 3

prejudice or it has been recommended that they be dismissed with prejudice.  Accordingly, the undersigned recommends that the Court dismiss this action with prejudice.

## CONCLUSION

The Court should dismiss this action with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 22, 2011**, as noted in the caption.

**DATED** this  4th   day of April, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4